UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASJIT SINGH,

    Petitioner,

v.

WARDEN, SAN QUENTIN PRISON,

    Respondent.

Case No. 20-cv-06054-JD

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Jasjit Singh, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in San Francisco County, which is in this district, so venue is proper. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was convicted by a jury of forcible rape, rape of an intoxicated person, lewd conduct with a child under 16 and multiple other sexual assault charges. *People v. Singh*, No. A149670, 2019 WL 288234, at *1 (Cal. Ct. App. Jan. 22, 2019). He was sentenced to 14 years in state prison. *Id*. at 3. The California Court of Appeal affirmed his conviction. *Id*. at 1. The California Supreme Court denied the petition for review. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) his federal rights were violated when the trial court dismissed a juror who was a holdout for acquittal; and (2) the trial court erred when it denied his motion for a new trial.

With respect to the second claim, petitioner argues that the trial court violated state law in denying his motion for a new trial. Petitioner presents no argument that his federal rights were violated, nor does he cite to any federal cases in the petition. The second claim is dismissed because habeas relief is not available for an alleged state law error. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law). Liberally construed, the first claim is sufficient to require a response.

**CONCLUSION**

1. The clerk will serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Docket No. 12).

2. Respondent will file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1         If petitioner wishes to respond to the answer, he may do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4.    Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: 1/15/2021

_____
JAMES DONATO
United States District Judge